

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NASHEED DAHOOD QEWAR, | § | No. 08-13-00313-CR |
| Appellant, | § | Appeal from the |
| v. | § | 219th Judicial District Court |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC# 219-80394-2013) |
| | § | |

## <u>MEMORANDUM   OPINION</u>

Nasheed Dahood Qewar appeals the trial court's judgment convicting him of aggravated robbery and sentencing him to 5 years' imprisonment.   We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After being indicted for aggravated robbery, Qewar entered an open plea of guilty to the charged offense.   In conjunction with his open plea, Qewar signed written plea admonishments, which adequately admonished him regarding his rights.   In the written admonishments, Qewar waived his right to a jury trial and judicially confessed.   At the plea hearing, the trial court accepted Qewar's plea after admonishing him as to the consequences of his plea, including the full range of applicable punishment, and ascertaining that his plea was free and voluntary.   The trial court, however, deferred finding Qewar guilty until after the conclusion of the hearing, during

which the two robbery victims, the responding police officer, and Qewar were called to the stand.

The two victims, one of whom recognized Qewar from school, testified that before they were robbed at knifepoint by two masked men, Qewar had approached them earlier asking for a cigarette. The responding officer testified that Qewar was found shortly after the robbery with a group of men in possession of the stolen property and that Qewar confessed he "was approximately 10 to 15 feet from the offense and had knowledge that the offense was going to occur prior to them talking about it approximately 30 minutes beforehand." Qewar admitted that he participated in the robbery by being a lookout and that he met up with the robbers afterwards.

After considering closing arguments, the trial court found the evidence sufficient to substantiate guilt, adjudicated Qewar guilty, and assessed punishment. Qewar moved for a new trial on several grounds, including ineffective assistance of counsel. The trial court set a hearing on the motion and the State requested the issuance of a subpoena to compel defense counsel to appear and testify at the hearing. The record, however, does not disclose whether the subpoena was served and whether the hearing took place.[1]

## *ANDERS* **BRIEF**

Qewar's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [panel op.] 1978)(adopting the *Anders* procedure); *see also Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex.Crim.App. 1991). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct.

---

[1] Appellate counsel states in his *Anders* brief that Qewar "abandoned [the] motion [for new trial] in order to have a more fully developed record for review of this [sic] trial counsel's representation at the plea hearing by way of Article 11.07 C.C.P. post conviction writ of habeas corpus."

at 1400. Counsel was thus permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*.

In this case, Qewar's appellate counsel has concluded that, after a thorough review of the record, Qewar's appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. In accordance with *Anders'* requirements, counsel has moved to withdraw. As required, counsel provided Qewar with copies of the *Anders* brief and motion to withdraw, advised Qewar of his right to examine the appellate record and file a *pro se* brief in this Court, and informed this Court, in writing, that he performed the foregoing requirements. *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex.Crim.App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex.Crim.App. 2008). Counsel also satisfied his obligation to "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes[,]" by providing Qewar with a copy of the appellate record. *Kelly*, 436 S.W.3d at 319.[2] Qewar has not filed a *pro se* brief.

## INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have thoroughly reviewed the record and counsel's brief

---

[2] Counsel must also advise his client that he may seek discretionary review by the Texas Court of Criminal Appeals. *Kelly*, 436 S.W.3d at 319; *Schulman*, 252 S.W.3d at 408. Although it is unclear if counsel here satisfied his obligation, we note that Qewar acknowledged in the trial court's certification of his right to appeal—signed by Qewar and defense counsel—that he had been informed of his right to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals within thirty days from the date of this Court's opinion. *See* TEX.R.APP.P. 68.1, 68.2, 68.3(a), 68.4.

3

in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## CONCLUSION

We affirm the trial court's judgment and grant counsel's motion to withdraw.


October 31, 2014

                              YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. Senior Judge (Sitting by assignment, not participating)

(Do Not Publish)